UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Gary Topolewski, et al.,<br><br>    Plaintiffs<br><br>v.<br><br>Paula Blyschak, et al.,<br><br>    Defendants | 2:16-cv-01588-JAD-NJK<br><br>**Order Denying Motion for Entry of Clerk's Default, Granting Motion to Dismiss, and Denying as Moot Motion for Extension of Time**<br><br>[ECF Nos. 69, 71, 80] |

    Paula Blyschak is the lone remaining defendant in this civil-conspiracy action brought against multiple Canadian defendants. When I dismissed all claims with prejudice against the other defendants, I ordered plaintiff to show cause by November 27, 2016, why its claims should not be dismissed under Rule 4(m) against Blyschak, who had not yet appeared in this action. After this deadline passed, plaintiff filed a series of notices attempting to show that Blyschak had in fact been properly served, and it moved for default judgment against her; Blyschak moved to dismiss based on improper service of process. Because plaintiff did not provide proof of proper service on Blyschak as directed in my November 7, 2016, order, I grant Blyschak's motion to dismiss, deny plaintiff's motion for default judgment against her, and deny as moot plaintiff's motion for extension of time to file a reply to that motion.[1]

**Background**

    On November 6, 2016, I granted defendants Lee A. Cowley, Joshua Woods, Vivian Cheung, Amir A. Fazel, Aman Walia, Jacqui Ross, Andrea Mosher and their law firm Cowley and Company Law Firm ("the Cowley defendants") and Tim Kilbrais's dismissal motions,[2] and I dismissed all claims against these defendants with prejudice based on lack of personal jurisdiction, noting that

---

[1] I find these matters suitable for disposition without oral argument. L.R. 78-1.

[2] ECF Nos. 11, 12.

plaintiff's[3] claims also either failed as a matter of law or as plead.[4] And because I found that these defects could not be cured by amendment, I denied plaintiff's motion for leave to amend.[5] This left only plaintiff's claims against defendant Paula Blyschak, who had not yet appeared in this case. I thus ordered plaintiff to show cause by November 27, 2017, why the remaining claims against Blyschak should not be dismissed under Rule 4(m).

Nine days after that deadline expired, plaintiff filed a "notice" with the court indicating that service had been effectuated on Blyschak via the Clerk of Court through certified mail to which it attached a tracking receipt showing that the mailing was delivered at an unspecified location in Canada on October 12, 2016, at 10:32 a.m.[6] One month later, plaintiff moved for a Clerk's Default against Blyschak.[7] Blyschak opposed the motion for default claiming that she still had not been properly served. Plaintiff then filed a "certificate of mailing" to which it attached tracking information and a mailing receipt showing that a first-class envelope was mailed to Blyschak on January 24, 2017, at an address in Abbotsford, British Columbia.[8] No return receipt was provided.

Blyschak then moved to dismiss all claims against her, arguing that she still had not been properly served despite plaintiff's representations.[9] Plaintiff attached to its opposition to that motion[10] a first-class mailing receipt dated October 4, 2016, showing that an envelope was mailed to

---

[3] At the hearing on the dismissal motions and motion for leave to amend, plaintiffs' counsel consented to dismissal of all claims brought by Gary Topolewski and Bud Zukaloff, leaving only Metal Jeans, Inc. as the only plaintiff.

[4] I did not reach defendants' claim-preclusion arguments.

[5] ECF No. 24.

[6] ECF No. 54-1 at 2.

[7] ECF No. 69.

[8] ECF No. 77.

[9] ECF No. 80.

[10] Though Blyschak filed a notice of non-opposition to her dismissal motion, I construe plaintiff's response at ECF No. 81 as a response to that motion.

Blyschak at an address located in Surrey, British Columbia.[11]  Again, no return receipt was provided. On March 10, 2017, plaintiff filed an affidavit of personal service on Blyschak showing that she had been personally served in Chilliwack, British Columbia.[12]

**Discussion**

Federal Rule of Civil Procedure 4(f) authorizes service of process in civil actions on individuals in foreign countries and provides that service may be effectuated "by any internationally agreed means of service" including those authorized by the Hague Convention, which permits service by mail.[13]  Service on Blyschak in Canada could thus be effectuated either by delivering a copy of the summons and complaint to Blyschak personally or by mail "that the clerk addresses and sends to the individual and that requires a signed receipt."[14]  Rule 4(m)'s 90-day time limit for service of process does not apply to service in a foreign country under Rule 4(f), and such service can be proven "by a receipt signed by the addressee" or "by other evidence satisfying the court that the summons and complaint were delivered to the addressee."[15]

Having reviewed plaintiff's notices, counsel's supporting affidavits, and the supporting documents, I find that plaintiff did not timely file proof of proper service on Blyschak.  Plaintiff did not file any response to my order to show cause at all by the November 27, 2016, deadline, nor did it seek an extension to do so.  After ignoring this deadline, it belatedly attempted to show proof of proper service.

But even if these notices and supporting documents had been filed by the November 27, 2017, deadline, I am not satisfied that the summons and complaint were actually delivered to Blyschak as FRCP 4(l)(2)(B) requires.  The tracking receipts show that the summons and complaint

---

[11] ECF No. 81-1.  These receipts are the same as those attached to plaintiff's certificate of mailing at ECF No. 40 filed on October 4, 2016.

[12] ECF Nos. 86, 88.

[13] *See Brockmeyer v. May*, 383 F.3d 798, 802 (9th Cir. 2004).

[14] FED. R. CIV. PROC. 4(f)(2)(C).

[15] FED. R. CIV. PROC. 4(l)(2)(B).

were sent by certified mail to two different addresses on two separate occasions—one of which was sent well after the November 2016 deadline to an address that Blyschak in her affidavit denies ever living or working at.[16]  Blyschak also represents that she never received "any registered mail from any clerk of any court" in connection with this lawsuit, and plaintiff admits that it has never received a receipt of service for either mailing.  When Blyschak was finally personally served, it was not at either of these mailing addresses.

I also find that plaintiff's affidavit of personal service—filed more than three months after the show-cause deadline—is insufficient to save its claims against Blyschak from dismissal at this point.  Though I recognize that Rule 4(m)'s 90-day service requirement does not apply to service on foreign defendants like Blyschak, I find that the 10-month delay between the filing of this case and proper service on Blyschak is unreasonable, particularly in light of my show-cause order setting a November 27, 2016, cut-off date.  For these reasons, I grant Blyschak's motion to dismiss and dismiss without prejudice all claims against her under FRCP 4(m), deny plaintiff's motion for default judgment, and deny as moot plaintiff's motion for extension of time.

## Conclusion

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for entry of Clerk's Default **[ECF No. 69] is DENIED**, plaintiff's motion for extension of time **[ECF No. 71] is DENIED** as moot, and Blyschak's motion to dismiss **[ECF No. 80] is GRANTED.**  All claims against Blyschak are dismissed without prejudice under FRCP 4(m) and based on plaintiff's failure to comply with my November 7, 2016, order to show cause.

Because the dismissal of the claims against Blyschak ends this case, the Clerk of Court is directed to CLOSE THIS CASE.

March 22, 2017.

_____
Jennifer A. Dorsey
United States District Judge

---

[16] ECF No. 70-1.