# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Gary Topolewski, et al.,

    Plaintiffs

v.

Paula Blyschak, et al.,

    Defendants

2:16-cv-01588-JAD-NJK

**Order**

[ECF Nos. 92, 93, 97, 99]

    This case stems from a civil lawsuit that is pending in Canada regarding a car accident that happened in Canada. Plaintiff Gary Topolewski was one of the drivers in that accident, and defendant Paula Blyschak sued him in Canada, alleging that he caused it. Topolewski filed this case against Blyschak, the attorneys (Cowley defendants) who represent her in the Canadian case,[1] and Tim Kilbrai, her insurance company's adjuster, claiming that they all conspired to commit fraud and extort Topolewski.

    I dismissed all claims against Blyschak's attorneys and insurance adjuster for lack of personal jurisdiction,[2] and plaintiffs' counsel consented to the dismissal of all claims brought by Topolewski and co-plaintiff Bud Zukaloff, leaving Metal Jeans, Inc. (MJI) as the sole remaining plaintiff and Blyschak as the only defendant.[3] I noted, though, that the remaining claims failed either as a matter of law or as plead.[4] I did not dismiss the claims against Blyschak at that time because she had not yet appeared in the case, and I ordered plaintiffs to show cause why the

---

[1] Those defendants in this case are Lee Cowley, Joshua Woods, Vivian Cheung, Amir Fazel, Aman Wallia, Jacqui Ross, Andrea Mosher, and the Cowley and Company Law Firm. I refer to them collectively as the Cowley defendants.

[2] ECF No. 50.

[3] ECF No. 90 at 2 n.3.

[4] *Id.*

claims against Blyschak should not be dismissed under Rule 4(m).[5]

MJI did not respond to my show-cause order, but instead—nine days after the show-cause deadline—filed a "notice" with the court indicating that service had been effectuated.[6] A month later, MJI moved for a clerk's default against Blyschak.[7] Blyschak, as her first action in this case, opposed that motion, claiming that she still had not been properly served.[8] MJI then filed a "certificate of mailing" with tracking information and a mailing receipt purporting to prove that Blyschak had been properly served.[9] Blyschak moved to dismiss all claims against her, arguing that she still had not been properly served despite plaintiff's representations.[10]

I granted Blyschak's dismissal motion, finding that MJI did not timely file proof of proper service on Blyschak.[11] I also held that, even if I considered MJI's untimely "proof" of proper service, I was not satisfied "that the summons and complaint were actually delivered to Blyschak as FRCP 4(1)(2)(B) requires."[12] And, in dicta, I said that "[w]hen Blyschak was finally personally served, it was not at either of" the two mailing addresses that MJI included in its "notice" of service and "certificate of mailing."[13] MJI promptly appealed my order, which dismissed all claims against Blyschak, denied MJI's motion for entry of clerk's default against Blyschak, and denied as moot MJI's motion for an extension of time to reply to Blyschak's

---

[5] ECF No. 50.

[6] ECF No. 54-1 at 2.

[7] ECF No. 69.

[8] ECF No. 70.

[9] ECF No. 77.

[10] ECF No. 80.

[11] ECF No. 90 at 3.

[12] *Id.*

[13] *Id.* at 4.

opposition to its motion for default.[14]

Five days after the notice of appeal, Blyschak moved me to amend my order, arguing that whether she was personally served had not yet been litigated, that she had not been personally served, and that she would have challenged any attempted service as improper had I not granted her motion to dismiss. In her view, amendment was necessary "to preclude plaintiff from asserting an erroneous argument on appeal based on an untrue fact to prevent manifest injustice."[15] MJI moved to strike Blyschak's motion, arguing that this court lost jurisdiction while the appeal was pending.[16] Then MJI failed to prosecute its appeal, and the Ninth Circuit dismissed it.[17]

I now address all pending motions: (1) defendant Kilbrai's motion for attorney's fees;[18] (2) the Cowley defendants' motion for attorneys' fees;[19] (3) Blyschak's motion to amend the dismissal order;[20] and (4) MJI's motion to strike Blyschak's motion.[21] I grant the motions for attorneys' fees, deny Blyschak's request for amendment, and deny as moot MJI's motion to strike.

---

[14] ECF Nos. 90, 94.

[15] ECF No. 97 at 5.

[16] ECF No. 99.

[17] ECF No. 108.

[18] ECF No. 92.

[19] ECF No. 93.

[20] ECF No. 97.

[21] ECF No. 99.

**Discussion**

**A. I deny Blyschak's request to amend the March 22, 2017, order, and plaintiff's motion to strike that request is denied as moot.**

FRCP 59(e) allows parties to file a motion to alter or amend judgment within 28 days after the entry of judgment.[22] The rule provides a mechanism by which a trial judge may alter, amend, vacate, or otherwise amend an erroneous judgment without implicating the appellate process.[23] A district court has considerable discretion when considering a motion to amend a judgment under Rule 59(e).[24] The movant may demonstrate that the motion is necessary to correct manifest errors of law or fact *upon which the judgment is based*.[25]

Blyschak acknowledges that "whether there was or was not proper service upon [her] was not the basis" for my ruling.[26] So, she basically asks me to amend dicta. I decline to do so. It does not appear to me that amendment is necessary "to prevent manifest injustice." As Blyschak admits, the allegedly erroneous statement was not a basis for my ruling, and the appeal was dismissed six months ago because MJI failed to prosecute it. So, I exercise my discretion, deny Blyschak's motion to amend judgment, and then deny MJI's motion to strike Blyschak's motion as moot.

**B. I grant the motions for attorneys' fees.**

Federal courts sitting in diversity look to the governing state law when deciding whether to award attorney's fees.[27] In Nevada, a prevailing party typically cannot recover attorney's fees

---

[22] FED. R. CIV. P. 59(e).

[23] *See Foman v. Davis*, 371 U.S. 178 (1962).

[24] *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999) (quoting 11 *Charles Alan Wright et al., Federal Practice and Procedure* § 2810.1 (2d ed. 1995)).

[25] *Id.* (emphasis added).

[26] ECF No. 97 at 3.

[27] *See Price v. Seydel*, 961 F.2d 1470, 1475 (9th Cir. 1992).

4

unless a statute authorizes the court to award them. NRS 18.010(2) allows the court to award attorney's fees to a prevailing party if "the prevailing party has not recovered more than $20,000," or "the court finds that the claim . . . was brought or maintained without reasonable ground or to harass the prevailing party."[28] This statute is "liberally contrue[d] . . . in favor of awarding attorney's fees in all appropriate situations."[29] The court must "inquire into the actual circumstances of the case, rather than a hypothetical set of facts favoring plaintiff[']s averments."[30] Prevailing defendants as well as plaintiffs may recover attorney's fees under the statute.[31]

Kilbrai and the Cowley defendants offer essentially the same arguments to support their respective, renewed[32] motions for attorneys' fees: (1) this court clearly could not exercise personal jurisdiction over them; and (2) each of plaintiffs' claims failed because they were factually unsupported, exceeded the statute of limitations, or were not recognized as causes of action in Nevada.[33] Kilbrai requests $38,122, and the Cowley defendants ask for $23,843.90. Plaintiffs don't oppose either motion, but their silence does not constitute their consent to granting them.[34]

As this case is derivative of a case in Canada brought by a Canadian law firm (the Cowley defendants) regarding a car accident that occurred in Canada and was evaluated by an insurance adjustor (Kilbrai) in Canada working for a Canadian insurance company, it was—and

---

[28] NEV. REV. STAT. § 18.010(2).

[29] *Id.*

[30] *Baldonado v. Wynn Las Vegas, LLC*, 194 P.3d 96, 106–07 (Nev. 2008).

[31] *Singer v. Chase Manhattan Bank*, 890 P.2d 1305, 1308 (Nev. 1995) (Steffan, C.J., concurring).

[32] Kilbrai and the Cowley defendants previously filed motions for attorneys' fees that I denied because neither motion complied with Local Rule L.R. 54-14. These renewed motions comply with the local rule, so I address them on their merits.

[33] *Compare* ECF No. 92 *with* ECF No. 93.

[34] *See* L.R. LR 7-2(d).

5

remains—quite clear that this court cannot exercise personal jurisdiction over Kilbrai or the Cowley defendants unless they satisfy the minimum-contacts test articulated in *International Shoe Co. v. Washington*.[35] These defendants' only contacts to Nevada were correspondence between them and MJI—a Nevada corporation—regarding the car accident that occurred in Canada and the lawsuit that was filed there as a result of it. But Ninth Circuit jurisprudence plainly holds that "the service of documents in connection with a suit brought in a foreign court" does not create "contacts that by themselves justify the exercise of personal jurisdiction over a foreign litigant in a United States court."[36] Plaintiffs thus brought this case against these defendants without any reasonable basis for this court to exercise personal jurisdiction over them. This deficiency is likely enough to justify granting both motions, but it is not the only one.

The abuse-of-process claim was factually deficient and filed well beyond the two-year limitations period. The civil-extortion claim is not recognized as a cause of action in Nevada.[37] The civil RICO claim failed because the bald assertion that the defendants "engaged in a pattern and practice of committing RICO violations from the time of the accident and have continued throughout their phony, groundless, and baseless suit until the present time"[38] fell far below the heightened pleading standard for that claim.[39] The civil-conspiracy claim failed because plaintiffs ignored Nevada requirements by neglecting to properly allege any underlying tort or an

---

[35] *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

[36] *Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199, 1209 (9th Cir. 2006).

[37] *Williamson v. Gunvalson*, 2015 WL 3948822, at *4 (D. Nev. June 25, 2015).

[38] ECF No. 1 at 16, ¶ 58.

[39] *See Hale v. Burkhardt*, 764 P.2d 866, 869 (Nev. 1988) ("The federal courts have demanded specificity in pleading the racketeering acts in a civil RICO cause of action . . . and there is no reason the requirement of pleading with particularity should not apply in state actions just as it does in the federal context.").

agreement between the defendants to commit one.[40] And plaintiffs seemingly recognized the baselessness for their intentional-infliction-of-emotional-distress and defamation claims because they withdrew those claims at oral argument—after defendants incurred costs to defend against them.

I also find that the fees requested by Kilbrai and the Cowley defendants are reasonable. While state law applies in calculating reasonable attorney fees in diversity cases, this court's local rules compel consideration of federal standards.[41] Local Rule 54-16(b) closely mirrors the approach followed by the courts in the Ninth Circuit and substantially overlaps with Nevada's state-law analysis.[42] "The starting point for determining a reasonable fee is the 'lodestar' figure, which is the number of hours reasonably expended multiplied by a reasonable hourly rate."[43]

Kilbrai's counsel provides a 15-page time-and-labor spreadsheet detailing the work that she and her firm did in representing him.[44] Counsel billed at a rate of $250/hour for partners and senior counsel; $230/hour for associate counsel; and $140/hour for paralegals.[45] The team billed a total of 163 hours on this case and requests $38,122. Meanwhile, the Cowley defendants were billed a rate of $300/hour for senior counsel; $200/hour for associate counsel; and $90/hour for paralegals.[46] The team billed a total of 116.5 hours and requests $23,843.90 in attorneys' fees

---

[40] *See Rostami v. Bac Home Loans Servicing, L.P.*, 2013 WL 100946, at *3 (D. Nev. Jan. 7, 2013) (citing *GES, Inc. v. Corbitt*, 21 P.3d 11, 15 (Nev. 2001)).

[41] *See* L.R. 54-16(b).

[42] *Compare Brunzell v. Golden Gate National Bank*, 455 P.2d 31, 33 (Nev. 1969) (outlining factors to determine reasonableness of attorneys' fees) *with Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (same; these factors were later codified in L.R. 54-16(b)).

[43] *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992).

[44] ECF No. 92-1.

[45] ECF No. 92 at 4.

[46] ECF No. 93 at 4.

and costs.[47]

"Rate determinations in other cases in the District of Nevada have found hourly rates as much as $450 for a partner and $250 for an experienced associate to be the prevailing market rate in this forum."[48] Kilbrai's and the Cowley defendants' counsel's rates fall below these generally accepted market rates, so I find that they are reasonable. I also find that the hours billed by each team are reasonable in light of the extensive motion practice that has occurred since this case's inception.[49]

Kilbrai and the Cowley defendants have demonstrated adequate bases for awarding reasonable attorneys' fees: personal jurisdiction was obviously lacking and all of plaintiffs' claims were either stale, baseless, or factually deficient. Although plaintiffs' failure to oppose these motions does not constitute their consent to them being granted, plaintiffs' silence has made it impossible for them to rebut the defendants' demonstration.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

- Blyschak's motion to amend judgment **[ECF No. 97] is DENIED**;

---

[47] ECF Nos. 93, 93-1.

[48] *United States v. Pivaroff*, 2015 WL 6149217, at *3 (D. Nev. Oct. 19, 2015) (citing *Marrocco v. Hill*, 291 F.R.D. 586 (D. Nev. 2013) (finding reasonable hourly rate in community of Nevada to be $375–$400 for partner with over thirty-five years of experience; *Agarwal v. Oregon Mut. Ins. Co.*, 2013 WL 5882710 (D. Nev. Oct. 30, 2013) (finding $300 per partner hour and $260 per associate hour reasonable); *Stephens Media LLC v. Citihealth, LLC*, 2013 WL 4045926 (D. Nev. Aug. 7, 2013) (finding rates between $185 and $400 to be reasonable); *In re USA Commercial Mortg. Co.*, 2013 WL 3944184 (D. Nev. July 30, 2013) (finding rates between $170 and $420 to be reasonable and $275 to $775 to be unreasonable); *Cervantes v. Emerald Cascade Rest. Sys., Inc.*, 2013 WL 3878692 (D. Nev. July 25, 2013) (finding $450 to be excessive and reducing it to $275); *Plaza Bank v. Alan Green Family Trust*, 2013 WL 1759580, at *2 (D. Nev. Apr. 24, 2013) (finding $425–$475 for a partner, $250–$325 for an associate, and $100 for paralegals to be reasonable); *Aevoe Corp. v. Shenzhen Membrane Precise Electron, Ltd.*, 2012 WL 2244262 (D. Nev. June 15, 2012) (finding $400 reasonable for a partner in a firm that concentrates on complex intellectual-property litigation).

[49] *See generally* docket report.

- Plaintiff Metal Jeans, Inc.'s motion to strike **[ECF No. 99] is DENIED as moot**;
- Kilbrai's motion for $38,772 in attorney's fees **[ECF No. 92] is GRANTED**; and
- The Cowley defendants' motion for $23,843.90 in attorneys' fees **[ECF No. 93] is GRANTED**.

The **Clerk of Court** is directed to **ENTER JUDGMENT in favor of Tim Kilbrai and against Gary Topolewski, Bud Zukaloff, and Metal Jeans, Inc. in the amount of $38,122**. The **Clerk of Court** is also directed to **ENTER JUDGMENT in favor of Lee A. Cowley, Joshua Woods, Vivian Cheung, Amir A. Fazel, Aman Wallia, Jacqui Ross, Andrea Mosher, and Cowley and Company Law Firm (the Cowley defendants) and against Gary Topolewski, Bud Zukaloff, and Metal Jeans, Inc. in the total amount of $23,843.90.**

DATED: March 8, 2018.

_____
U.S. District Judge Jennifer A. Dorsey